```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

TONY MAURICE DYER #09675-040,    )
                                 )
                Plaintiff,       )
                                 )
    v.                           )    No. 08 C 6404
                                 )
MICHAEL MUKASEY, Attorney General,)
et al.,                          )
                                 )
                Defendants.      )

                        MEMORANDUM ORDER

Tony Dyer ("Dyer") has just submitted a Petition for Writ of Habeas Corpus ("Petition") that he characterizes as having been brought under 28 U.S.C. §2241 (the statutory embodiment of what used to be termed the Great Writ)[1] rather than Section 2255, because he challenges neither his conviction (which was pursuant to a guilty plea) nor the 135-month custodial sentence that he is now serving--instead his Complaint targets what he asserts is an unlawful curtailment of his potential halfway house placement. Because Dyer is currently housed at the Chicago Metropolitan Correctional Center ("MCC"), he has brought this action in this judicial district rather than in the district where he was convicted, the Western District of Michigan.[2]

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Dyer mistakenly lists Attorney General Michael Mukasey as respondent, rather than MCC Warden Eric Wilson, his current custodian. That of course can readily be corrected, and this memorandum order will not pause on that score.

Dyer acknowledges that he has not exhausted his administrative remedies on two grounds:

    1. futility, in the sense that his having to pursue those remedies would itself cut into his potential for a 12-month halfway assignment under the new legislation that he refers to as the "Second Chance Act" and

    2. the demonstrated unwillingness of the Bureau of Prisons and Dyer's Unit Manager to reconsider Dyer's request in light of that new legislation.

This Court neither makes nor implies any definitive ruling either in those respects or as to Dyer's substantive rights--but because he is certainly entitled to have his case considered immediately under the circumstances that he outlines, it sets the case for an initial status hearing at 9 a.m. November 17, 2008. That brief deferral will enable the United States Attorney's office to designate an Assistant United States Attorney to attend that status hearing and also to make arrangements for Dyer to be brought to court at that time.

                                        */s/ Milton I. Shadur*
                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: November 10, 2008