IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY MAURICE DYER #09675-040,    )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No. 08 C 6404
                                 )
MICHAEL MUKASEY, Attorney General,)
et al.,                          )
                                 )
              Defendants.        )

MEMORANDUM ORDER

With Assistant United States Attorney Matthew Madden having been designated to handle this matter in response to this Court's request in its brief November 10, 2008 memorandum order, he has just filed Government's Response to Petitioner's Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 (referred to hereafter as "Section 2241"). Under ordinary circumstances that filing would call for granting petitioner Tony Maurice Dyer ("Dyer") an opportunity to reply to the government's motion to dismiss this action on the several grounds set out in the Government's Response. But the circumstances here are not "ordinary" in two critical respects:

   1. What the government counsel has adduced in support of the proposed dismissal has drawn on controlling and unequivocal precedent from our Court of Appeals.

   2. Any delay in resolving the case would be Dyer's enemy here--the Bureau of Prisons ("Bureau") has agreed to a six-month halfway house placement for him, covering the last

six months of his term of imprisonment--that is, from mid-June 2009 to his projected release date of December 19, 2009.[1]  Thus:

    (a)  Because Dyer is seeking 12 months (rather than six months) in halfway house status, the delay that would necessarily be created by ordering and obtaining a reply from him and by then deciding the issue would eat substantially into whatever relief he might obtain--a starting date between now and next June--if he were to prove successful (a purely hypothetical prospect, because the ensuing discussion demonstrates why his Section 2241 effort is doomed).

    (b)  If on the other hand Dyer is wrong in pursuing his current effort, as will be seen, any time lost in reaching that result would be time lost in his opportunity to seek administrative review that could enlarge the six-month halfway house period that has been determined for him at the lower administrative level.

Accordingly this opinion turns to the merits.  And as

---

[1]  Dyer is serving a 135-month sentence stemming from his March 6, 2000 conviction on drug charges in the United States District Court for the Western District of Michigan.  But because he is serving his sentence in the Chicago Metropolitan Correctional Center, this would be the proper venue for a Section 2241 proceeding.

already indicated, the law is against Dyer whichever path he pursues.

First, to the extent that Dyer seeks to challenge the Bureau's halfway house placement policies, Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004) has expressly held that a Section 2241 habeas proceeding--the route Dyer has chosen--is the wrong path to follow. Instead an Administrative Procedure Act ("APA") lawsuit is the way to go.

That said, Richmond, id. at 606 went on to reconfirm earlier Seventh Circuit decisions that bar this Court from any attempt to reshape Dyer's invocation of Section 2241 into the APA mold:

> Richmond has not followed any of the rules applicable to prisoners' general civil litigation--not only exhaustion under §1997e(a) but also payment of the full docket fee, screening through of the three-strikes rule, and the other differences between requests for habeas corpus and general civil litigation. These many differences have led us to say that a petition for habeas corpus may not be "converted" to a civil suit, nor may district judges convert suits in the other direction.

That then calls for dismissal of that policy-challenging aspect of Dyer's Section 2241 effort, just as this Court did in United States ex rel. Branson v. United States, 433 F.Supp.2d 931 (N.D. Ill. 2006), having quoted the same language from Richmond in so doing.

There is however another aspect of Dyer's claim to which a Section 2241 petition is the proper vehicle: his challenge to the Bureau's placement decision itself (see Richmond, 387 F.3d at

3

605).  But that attack also fails, this time for more than one reason.

For one thing, it rests on false premises.  Dyer believes that the Bureau has failed to conform to the requirements of the Second Chance Act, 18 U.S.C. §3624(c), thus tainting its six-month placement decision.  But that is doubly incorrect:

> 1.  In April of this year, just five days after the effective date of the Second Chance Act, the Bureau's Assistant Director of the Correctional Programs Division and Assistant Director/General Counsel distributed a memorandum entitled "Pre-Release Residential Re-Entry Center Placements Following Second Chance Act of 2007."  In part that memorandum specifically increased the possible potential for halfway house placement from a maximum of six months to a maximum of 12 months.
>
> 2.  Some two weeks before Dyer brought <u>this</u> action, the Bureau issued revised regulations in the Federal Register to conform to the Second Chance Act, in part amending 28 C.F.R. §570.21 to provide for that same possibility of halfway house treatment for a period of 12 months.

Hence when Dyer filed this action he clearly had available to him the pursuit of administrative remedies, including the right to seek administrative appellate review of his Unit Manager's decision setting a six-month halfway house term.  And

4

that availability scotches any argument of futility that might have justified resort to the court system. On that score <u>Gonzalez v. O'Connell</u>, 355 F.3d 1010, 1016-17 (7th Cir. 2004) has reconfirmed that the "futility exception" to such a litigant's need to exhaust administrative remedies is available only if "there is no reasonable prospect that he could obtain any relief" through the administrative process.

That then compels dismissal of the second aspect of Dyer's Section 2241 effort as well. Regrettably it may perhaps be the case that Dyer's failure to pursue the administrative appellate remedies available to him was occasioned in part by the limited research sources to which persons in custody have access, so that he was no doubt unaware (1) of the Bureau's memorandum issued almost immediately after the effective date of the Second Chance Act and (2) of the revision of the regulations that took place before he brought suit. But any such unawareness cannot excuse his failure to have <u>tried</u> the administrative path, and his failure to go that route does not justify court intervention.

As stated at the outset, it would be a disservice to Dyer to prolong this action, for that would curtail any opportunity he may have to enlarge the existing six-month halfway house designation through proper channels. Dyer's motion for a writ

pursuant to Section 2241 is denied, and this action is dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 8, 2008