IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY MAURICE DYER #09675-040,    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 08 C 6404
                                 )
MICHAEL MUKASEY, Attorney General,)
et al.,                          )
                                 )
            Defendants.          )

MEMORANDUM

This Court has received a Notice of Appeal ("Notice") prepared pro se by Tony Maurice Dyer ("Dyer"), in which he seeks review of this Court's December 8, 2008 order that dismissed Dyer's Petition for Writ of Habeas Corpus (brought pursuant to 28 U.S.C. §2241) and hence dismissed this action in its entirety. Although Dyer's Notice mistakenly refers to the "Federal Rules of Civil Procedure" rather than the Rules of Appellate Procedure ("Rules")--a mistake that this Court will of course treat as excusable, because Dyer is not a lawyer--he does correctly invoke Rules 4(a)(1)(B) and 4(c)(1) as establishing the timetable for an appeal.

But it is clear from Dyer's submission and from the information this Court has obtained from this District Court's Clerk's Office that Dyer's Notice is untimely. Under the two cited Rules Dyer was entitled to file his Notice "within 60 days after the judgment or order appealed from is entered" (Rule 4(a)(1)(B)), for which purpose "the notice is timely if it is

deposited in the institution's internal mail system on or before the last day for filing" (Rule 4(c)(1)).  In this instance the judgment was entered (as already indicated) on December 8, while the Clerk's records reflect "Envelope postmark illegible; institution mail room 02/13/09."  That time interval from December 8 to February 13 stretched beyond the permissible 60-day period, and the Notice would still be untimely even if the clock had begun to tick on the later date (December 12 rather than December 8) when Dyer's Notice says he received the judgment of dismissal.

Accordingly Dyer is notified that his attempted appeal is untimely under the Rules.  That defect is apart from any possible need for Dyer to obtain a certificate of appealability in connection with his putative appeal.  To this Court's knowledge Dyer did not accompany his Notice with a request for in forma pauperis treatment, nor has he paid the appellate filing fee, so that it remains to be seen what other hurdles he must clear to mount a successful appeal.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 20, 2009