```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

TONY M. DYER #09675-040,            )
                                    )
                Plaintiff,          )
                                    )
    v.                              )    No. 08 C 6404
                                    )    USCA No. 09-1427
ERIC HOLDER, Attorney General,[1]   )
et al.,                             )
                                    )
                Defendants.         )

MEMORANDUM ORDER

Tony Maurice Dyer ("Dyer") seeks to take a pro se appeal from this Court's December 8, 2008 dismissal of his Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 ("Section 2241"). For that purpose Dyer has just filed a document captioned "Appellant Order of Transcript," by which he seeks to obtain what he describes as "a full transcript of the proceedings from case number 08-cv-6404, U.S. District Court, Northern District of Illinois."

That reference to a "transcript" is in error (no fault is of course to be ascribed to nonlawyer Dyer for his mistake), for all of the proceedings in this action have been reflected in a paper record, as contrasted with any in-court proceedings that would have to be reduced to transcript form. If a transcript were literally involved, this Court would have to reject Dyer's effort

---

[1] When this action was originally filed, Michael Mukasey was the United States Attorney General. This change in the case caption is made pursuant to Fed. R. Civ. P. 25(d).

because his appeal (like his original action) is frivolous (see 28 U.S.C. §753(f) and such cases applying that statute as <u>Lampley v. McBride</u>, 207 Fed. App'x 649, 2006 WL 3153941 (7th Cir. Nov. 2) and <u>Washington v. Union Pac. R.R. Co.</u>, 89 F.3d 839 (7th Cir. 1996)(table citation), 1996 WL 328829 (7th Cir. June 10), each citing to and relying upon <u>United States v. MacCollom</u>, 426 U.S. 317 (1976)).

But Dyer fares no better in what amounts to an informal designation of record for his putative appeal. This Court has already issued a February 20, 2009 memorandum explaining that Dyer's Notice of Appeal is untimely. Moreover, this Court's earlier rulings on the merits had sought to make plain to Dyer that his failure to pursue his administrative remedies, rather than bringing a court action, was effectively depriving him of any opportunity to expand the Bureau of Prisons' already-scheduled six-month halfway house placement for him covering the end of his term of imprisonment (a placement that would operate from mid-June of this year to his projected release date of December 19, 2009.

Dyer's current filing refers to a "Motion to Proceed in Forma Pauperus," which he says he was filing concurrently with the document referred to here. This Court has not seen that filing (it seems likely that if he did file it, he failed to provide the required Judge's Copy for delivery to this Court, as

was true of his "Appellant Order of Transcript"). If and when such a motion is brought before this Court, it will be denied because of the frivolous nature of Dyer's appeal.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  March 9, 2009